**BALDASSARE & MARA, LLC**
570 Broad Street, Suite 900
Newark, New Jersey 07102
Telephone: (973) 200-4066
Facsimile: (973) 741-2482

*Attorneys for Plaintiff*
*Star Laboratory Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAR LABORATORY CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>THRIVEPOINT MEDICAL LABORATORIES, LLC,<br><br>*Defendant.* | Civil Action No. _____<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Star Laboratory Corporation ("StarLabs" or "Plaintiff"), by way of this Complaint against Defendant ThrivePoint Medical Laboratories, LLC ("ThrivePoint" or "Defendant"), hereby states:

**Nature of the Action**

1.   StarLabs is a laboratory located in Piscataway, New Jersey. StarLabs has the capability to run sophisticated tests on medical samples and specimens.

2.   In 2020, the COVID-19 pandemic greatly impacted the United States and necessitated testing individuals for COVID-19. StarLabs has the capability of performing the complex tests required to detect the presence of the COVID-19 virus in specimens.

3. ThrivePoint is a medical laboratory located in North Carolina. Valarie Douglas is a member and registered agent of ThrivePoint.

4. By contract dated October 5, 2020, StarLabs entered into a Laboratory Services Agreement (the "Contract") to provide COVID-19 testing for ThrivePoint. On October 7, 2020, Valarie Douglas signed the Contract as the authorized representative for ThrivePoint. On October 7, 2020, Samir Khawaja signed the Contract as the authorized representative for StarLabs.

5. The Contract stated that ThrivePoint would pay StarLabs $70 per COVID-19 NP/OP PCR Test. According to the Contract agreed to by both parties, StarLabs would invoice ThrivePoint on the first of the month and ThrivePoint would have seven days to pay each invoice.

6. On or about July 1, 2021, StarLabs sent invoice number CV00003 (the "Invoice") to ThrivePoint. That invoice required payment for 4,606 COVID-19 specimen tests performed by StartLabs for ThrivePoint at a rate of $70 per test for a total of $322,420.00.

7. ThrivePoint has not paid invoice number CV00003 and has been unresponsive to StarLabs's inquiries.

8. Defendant has caused StarLabs to suffer losses in an amount of at least $322,420.00 plus interest and for an exact amount to be determined at trial. Plaintiff seeks to recover its monies under, among other legal bases, Breach of Contract, Breach of Good Faith and Fair Dealing, Quantum Meruit and Account Stated and Promissory Estoppel.

## The Parties

9. StarLabs is a Domestic Profit Corporation organized under the laws of the State of New Jersey and has its principal place of business in Piscataway, New Jersey.

10. Upon information and belief, Defendant ThrivePoint is a Limited Liability Corporation organized under the laws of the state of North Carolina and formed on or about November 16, 2018.

11. Upon information and belief, Valarie Douglas is the registered agent and a member of ThrivePoint, and resides in North Carolina.

12. Upon information and belief, Jonathan Douglas is a member of ThrivePoint, and resides in North Carolina.

13. Upon information and belief, ThrivePoint's mailing address is P.O. Box 39494, Charlotte, North Carolina 28273.

14. ThrivePoint's principal office is located at 220 Westinghouse Boulevard, Charlotte, North Carolina 28273.

15. ThrivePoint's registered address is 10926 Quality Drive, Suite 39494, Charlotte, North Carolina 29278.

16. ThrivePoint's website states that it provides substance abuse monitoring, blood testing, COVID-19 testing, medical necessity and coding services and pain management services.

17. ThrivePoint's website claims it provides "Turn Key Solutions" and "[w]ith over 20 years in the industry, we can help medical laboratories start their own lab.  Successfully start your laboratory with consulting, equipment, credentialing and billing.  Call us today to get started."

18. According to ThrivePoint's website, it charges "health payer institutions" $150 for a "SARS-CoV-2/2019-nCoV (COVID-19) Test."

19. ThrivePoint's website states "If you are a patient that is insured or uninsured, please contact us.  You may not have any out of pocket costs and your test will be covered."

**Jurisdiction and Venue**

20. Jurisdiction is proper under 28 U.S.C. § 1332 because this matter involves a dispute arising under state law where the parties have diversity jurisdiction, because Plaintiff was incorporated under the laws of the State of New Jersey and has a principal place of business in the State of New Jersey, while Defendant was incorporated under the laws of the State of North Carolina and have a principal place of business in North Carolina, and the amount in controversy exceeds $75,000.00.

21. Venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this District and Plaintiff is a citizen of this District.

**Factual Background**

22. On or about October 5, 2020, StarLabs and ThrivePoint entered into a contract styled as a Laboratory Services Agreement (the "Contract").

**The Terms of the Laboratory Services Agreement**

23. Section 1 of the Contract sets forth the Duties of StarLabs and ThrivePoint. According to the Contract, ThrivePoint's duties includes "to cooperate fully with STARLABS as to all billing and collection for payments due to STARLABS associated with any specimen or testing performed by STARLABS under this agreement."

24. Section 2 of the Contract sets forth the Term of the Contract, as well as its Termination provision. It states:

> Term: The initial term of this agreement shall be for one-year (1) years. This Agreement shall automatically renew for successive one (1) year terms following the initial year term. This Agreement may be terminated at the end of the applicable term by providing at least 30 days' notice prior to the end of the term.

25. Section 2 further states:

> The parties may modify or terminate this agreement at any time, upon their mutual agreement, as reflected in a signed written document.

26. Section 2 further states:

> This agreement shall be deemed to be terminated and the relationship between STARLABS and THRIVEPOINT shall be deemed severed upon the occurrence of an of the following:
>
> - The suspension, revocation or cancellation of the STARLABS's CUA certification;
>
> - The imposition of any restrictions or limitations by any governmental authority having jurisdiction over either STAR LABS or THRIVEPOINT to such an extent that either party cannot provide the services or obligations contemplated by this Agreement;
>
> - STARLABS's inability, failure or refusal to faithfully and diligently perform the usual and customary duties of providing laboratory services and adhere to the provisions of this Agreement after being provided written notice and 30 days, or such other reasonable term, to cure any violation herein;
>
> - THRIVEPOINT['s] inability, failure or refusal to faithfully and diligently perform and adhere to the provisions of this Agreement after being provided written notice and 30 days, or such other reasonable term, to cure any violation herein.

27. Section 3 of the Contract sets forth the "Laboratory Fee Schedule & Billing/Payment Terms." That section states:

> Star Labs will invoice ThrivePoint Medical Laboratories the 1st of each month for all Services delivered during the immediately preceding months, and ThrivePoint Medical Laboratories will pay each invoice within seven days (7) days after the statement date.
>
> Fee Schedule:
> COVID-19 NP/OP PCR Test: $70

28. The Contract was signed on or about October 7, 2020, by Samir Khawaja as Authorized Representative for StarLabs.

5

29. The Contract was signed on or about October 7, 2020, by Valarie Douglas as Authorized Representative for ThrivePoint.

### ThrivePoint Fails To Pay StarLabs

30. Thereafter on or about July 1, 2021, StarLabs sent the Invoice to ThrivePoint requesting payment for 4,606 COVID-19 specemin tests that StarLabs had performed for ThrivePoint pursuant to the Contract.

31. Pursuant to the Contract, StarLabs is entitled to $70 for each COVID-19 specimen test it performed for ThrivePoint, and accordingly, under the terms of the Contract, StarLabs was entitled to $322,420.00 for the 4,606 tests it performed for ThrivePoint.

32. ThrivePoint has been unresponsive to StarLabs' inquiries.

33. By letter dated August 20, 2021, Counsel for StarLabs contacted ThrivePoint demanding payment of the outstanding invoice.

34. ThrivePoint has not responded to StarLabs' August 20, 2021 letter.

35. As of the date of this Complaint, ThrivePoint has not paid the Invoice.

**WHEREFORE**, StarLabs demands judgment against ThrivePoint awarding StarLabs

    a. Compensatory Damages;

    b. Punitive Damages;

    c. Interest;

    d. Attorney's Fees;

    e. Court Costs;

    f. Such relief as may be available pursuant to any applicable law, rule or statute; and

    g. Such relief as the Court may deem equitable and just.

## COUNT ONE
### (Breach of Contract)

36. StarLabs repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

37. Plaintiff fulfilled all of its duties and obligations under the parties' Contract.

38. Defendant's actions, as described above, constitute a breach of that Contract.

39. As a direct and proximate result of said breach, Plaintiff has suffered substantial damages for which they are entitled to be compensated.

**WHEREFORE**, StarLabs demands judgment against ThrivePoint for the amount of $322,420.00, together with interest, attorneys' fees, cost of suit, and such other relief as the Court may deem just and reasonable.

## COUNT TWO
### (Breach of Good Faith and Fair Dealing)

40. StarLabs repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

41. Defendant's actions, as described above, constitute a violation of the implied covenant of good faith and fair dealing in connection with parties' Contract.

42. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, StarLabs has suffered substantial damages for which they are entitled to be compensated.

**WHEREFORE**, StarLabs demands a money judgment against Defendant for compensatory damages, interest, attorneys' fees, cost of suit, and such other relief as the Court may deem just and reasonable.

## COUNT THREE
### (Unjust Enrichment)

43. StarLabs repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

44. Defendant has been unjustly enriched by having received a disproportionate portion of the benefits of the Contract to the disadvantage and detriment of Plaintiff.

45. As a result of this unjust enrichment by Defendant, StarLabs has suffered substantial damages for which they are entitled to be compensated.

**WHEREFORE**, StarLabs demands a money judgment against Defendant for compensatory damages, interest, attorneys' fees, cost of suit, and such other relief as the Court may deem just and reasonable.

## COUNT FOUR
### (Quantum Meruit)

46. StarLabs repeats and re-alleges each and every allegation set forth in the foregoing paragraphs of the complaint as if fully set forth herein.

47. Defendant received the benefit of the COVID-19 specimen tests performed by StarLabs and listed on the Invoice.

48. Despite receiving the benefit of the tests and receiving the Invoice requesting payment, Defendant has not made payment for the COVID-19 specimen tests.

49. As a result of Defendant's actions, StarLabs has been damaged in an amount of at least $322.420.00.

**WHEREFORE**, StarLabs demands judgment against Defendant for the amount of $322,420.00, together with interest, attorneys' fees, cost of suit, and such other relief as the Court may deem just and reasonable.

## COUNT FIVE
### (Promissory Estoppel)

50. StarLabs repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

51. Defendant represented to StarLabs that the Invoice would be paid.

52. Defendant made this representation with the expectation that StarLabs would rely upon it.

53. StarLabs reasonably relied on Defendant's representation in conducting StarLabs' business.

54. Despite Defendant's representations, Defendant did not pay and has not paid the Invoice.

55. As result of Defendant's actions, StarLabs has been damaged in the amount of $322,420.00

**WHEREFORE**, StarLabs demands judgment against ThrivePoint for the amount of $322,420.00, together with interest, attorneys' fees, cost of suit, and such other relief as the Court may deem just and reasonable.

## COUNT SIX
### (Account Stated)

56. StarLabs repeats and realleges each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

57. The dealings between Defendant and StarLabs establish the relationship of creditor and debtor.

58. The statements on the account and invoice rendered by StarLabs to Defendant established the amounts owed, to which Defendant agreed under contract, and by its representation and conduct, to pay.

59. Defendant assented, under contract and by its representations and conduct, to pay that account, and thereby promised to pay the account stated as due.

60. Defendant is liable to StarLabs on the account stated, in an amount to be determined, exclusive of pre-judgment interest.

**WHEREFORE**, StarLabs demands judgment against Defendant awarding:

    a. Damages;

    b. Interest;

    c. Cost of the suit;

    d. Attorney's Fees;

    e. Costs; and

    f. All other relief which the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff StarLabs hereby demands a trial by jury of any issue triable of right by a jury.

Dated: December 10, 2021                               **BALDASSARE & MARA, LLC**

By: */s/ Jennifer Mara*

570 Broad Street, Suite 900
Newark, New Jersey 07102
Telephone: (973) 200-4066

*Attorneys for Plaintiff*
*Star Laboratory Corporation*